**Supreme Court**
No. 2019-469-Appeal.
(WC 10-437)

Mal A. Salvadore            :

v.                          :

David C. LaRoche et al.     :

# O R D E R

The plaintiff, Mal Salvadore, appeals from a Superior Court judgment dismissing his claims against the defendants, David C. LaRoche; Brian LaRoche; Stephen LaRoche; Randi LaRoche; Wildflower Corporation; Wildflower Stony Fort, LLC; David C. LaRoche d/b/a Wildflower Corporation; David C. LaRoche d/b/a Wildflower Stony Fort, LLC; Brian LaRoche d/b/a Wildflower Corporation; Brian LaRoche d/b/a Wildflower Stony Fort, LLC; Stephen LaRoche d/b/a Wildflower Corporation; and Stephen LaRoche d/b/a Wildflower Stony Fort, LLC (collectively defendants).[1]  Salvadore contends on appeal that the trial justice erred in failing to find a constructive trust.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties'

---

[1] When referring to members of the LaRoche family individually, we use their first names and at times first names and middle initials for clarity.  No disrespect is intended.

- 1 -

written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

The trial testimony reveals that in 1991, plaintiff, a practicing attorney, met David F. LaRoche (David F.), who had been referred to plaintiff by another attorney for representation connected to an involuntary bankruptcy case. The plaintiff represented David F. for the entirety of that bankruptcy action and, later, another bankruptcy action. The plaintiff received some compensation for this representation; however, he did not receive all that he had billed. As a result, David F. owed plaintiff approximately $160,000 for his representation. No payments were ever made as to that amount.

In the summer of 2001, plaintiff and David F. entered into an agreement, memorialized in a promissory note, wherein the sum due to plaintiff was reduced to $140,000, and terms were established for that sum to be paid. The promissory note was due on October 10, 2006. According to plaintiff, he never received any payments from David F. on this note.

At some point, David F. informed plaintiff that he was gravely ill. Upon receiving this information, plaintiff determined that he would not take action against David F. while he was dealing with his illness. David F. died on February 26, 2009.

After David F.'s death, plaintiff sent a letter to David F.'s son, David C., asking if they could resolve the issue regarding the sum of money due to plaintiff. The plaintiff also sent a letter to David F.'s former wife, Randi, regarding the same issue. In response, David C. indicated that there was no source of payment for plaintiff.

On June 22, 2010, plaintiff filed the instant action against defendants, claiming unjust enrichment and fraud. The amended complaint filed on July 23, 2010, alleged five counts—three alleging unjust enrichment and two alleging fraud and/or fraudulent transfer. The matter was eventually tried before a justice of the Superior Court, sitting without a jury, on September 16 and 17, 2014.

On July 11, 2019, the trial justice issued a written decision.[2] The trial justice found that plaintiff had presented evidence regarding David F.'s indebtedness to plaintiff and evidence regarding the funding and operations of the three corporate defendants, in an effort to trace David F.'s money to defendants. She also found that, at various points in time, Randi and David F.'s children, David C., Brian, and Stephen, were officers and/or shareholders in these three corporations.

---

[2] The record contains no explanation for the seemingly unreasonable nearly five-year delay between the filing of posttrial memoranda and the issuance of the trial justice's decision. We remind all judicial officers of their obligation to dispose of court business promptly and diligently.

However, the trial justice found that, as to the unjust-enrichment claims, "[n]one of the individual or corporate defendants were provided any benefit from [p]laintiff[.]" She went on to find that, "[s]imply put, there is no evidence that any corporate or individual [d]efendant was unjustly enriched as a result of the legal services provided to David F. for which he remained indebted to [p]laintiff." The trial justice also found that the claims for fraudulent transfer were without merit, deciding that they were both time-barred and that, even if they were not, there was no fraudulent transfer.

Accordingly, she found that plaintiff had failed to prove any of the five counts in his amended complaint. The plaintiff does not challenge any of these rulings on appeal. Judgment was entered on July 24, 2019, and plaintiff timely filed a notice of appeal.

The only issue raised by plaintiff on appeal is the failure of the trial justice to impose a constructive trust upon the assets of any defendant. "This Court previously has held that the underlying principle of a constructive trust is the equitable prevention of unjust enrichment of one party at the expense of another in situations in which legal title to property was obtained by fraud or in violation of a fiduciary or confidential relationship." *Sousa v. Roy*, 243 A.3d 775, 780 (R.I. 2021) (quoting *Connor v. Schlemmer*, 996 A.2d 98, 109 (R.I. 2010)). "[A] constructive trust is a relationship imposed by operation of law as a *remedy* to redress a wrong or prevent

an unjust enrichment." *Simpson v. Dailey*, 496 A.2d 126, 128 (R.I. 1985) (emphasis added).

The plaintiff argues that the beneficiary of the purported constructive trust is David F. and that the defendants were the trustees; he contends that the trial justice instead misidentified the parties of the constructive trust with the plaintiff as the beneficiary and the defendants as the trustees. However, the plaintiff does not contend that the trial justice erred in finding that he had failed to satisfy the elements of each cause of action asserted; rather, he solely focuses his appeal on the constructive-trust issue and the existence of, or lack of, a fiduciary relationship. The plaintiff's argument is misplaced; a constructive trust can only be imposed as a remedy. *See Simpson*, 496 A.2d at 128. As no claims survived under the trial justice's decision—and, on appeal, the plaintiff did not contest the trial justice's decisions as to those claims—there is no surviving claim for which a constructive-trust remedy might be imposed.

Accordingly, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.

Entered as an Order of this Court this 9th day of June, 2021.

By Order,

_____/s/_____
Clerk



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| Title of Case | Mal A. Salvadore v. David C. LaRoche et al. | |
| --- | --- | --- |
| Case Number | No. 2019-469-Appeal.<br>(WC 10-437) | |
| Date Order Filed | June 9, 2021 | |
| Justices | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| Source of Appeal | Washington County Superior Court | |
| Judicial Officer from Lower Court | Associate Justice Kristin E. Rodgers | |
| Attorney(s) on Appeal | For Plaintiff:<br><br>David P. DeStefano, Esq. | |
| | For Defendants:<br><br>Gerard M DeCelles, Esq. | |